**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

ANGELO RAUL SOLIS,                           )
                                             )
                  Petitioner,          )
vs.                                          )          Case No. CIV-10-0621-HE
                                             )
JANE STANDIFIRD, Warden,                     )
                                             )
                  Respondent.          )

## ORDER

      Petitioner Angelo Raul Solis, a state prisoner appearing *pro se*, filed this case pursuant

to 28 U.S.C. § 2254, seeking an evidentiary hearing and a writ of habeas corpus.  Consistent

with 28 U.S.C. § 636(b)(1)(B), the matter was referred for initial proceedings to Magistrate

Judge Robert E. Bacharach, who has recommended that petitioner's requests for an

evidentiary hearing and a writ of habeas relief be denied.   Report and Recommendation

[Doc. #17].  Petitioner filed a timely objection and has supplemented that filing with further

responses and correspondence. [Doc. Nos. 18, 19, 20, 21 and 22].

      The matters raised by petitioner in his objection and responses are essentially a

repetition of the arguments made to the Magistrate Judge and which are discussed in the

Report and Recommendation.  For substantially (though not entirely) the reasons stated in

the Report and Recommendation, the court concludes petitioner's request for an evidentiary

hearing and for habeas relief should be denied.  However, to the extent that the Report and

Recommendation suggests that a state appellate court's determination that state evidence

rules were not violated <u>necessarily</u> precludes a due process or other constitutional violation

arising out of the same circumstances, it misstates the rule. While a state appellate court's determination is binding insofar as an interpretation of state law is concerned, that determination does not necessarily control the constitutional question in all circumstances.[1]

Here, the basis for petitioner's *pro se* challenge to the prosecutor's cross examination of him as to his prior convictions is not altogether clear [2] but, in any event, a constitutional violation is not established.

Subject to the indicated limitation, the court **ADOPTS** the Report and Recommendation [Doc. #17] and **DENIES** the petitioner's request for an evidentiary hearing and for habeas relief.

**IT IS SO ORDERED**.

Dated this 31st day of May, 2011.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[1] *In* Chapman v. LeMaster, *302 F.3d 1189 (10th Cir. 2002), referenced in the Report and Recommendation, the petitioner claimed his due process rights were violated by the failure to instruct the jury on an essential element of the crime charged. The Tenth Circuit noted that, on habeas review, the state court's interpretation of the pertinent statute was binding as to what the elements of the offense were. As compliance with the statute was the sole basis for the due process challenge, the challenge was rejected.* Chapman *does not, however, stand for the proposition that a state's determination of compliance with an evidentiary rule controls the due process inquiry in circumstances like those presented here, where the basis for petitioner's claim is not clearly or obviously based only on construction of the state statute or evidentiary rule.*

[2] *He references his "Sixth Amendment" right to a fair trial, but appears to be raising what are essentially due process concerns.*